UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION, AT KNOXVILLE

KATHRYN WEBB and MARK WEBB,

    Plaintiffs,

vs.                                      No: 3-24-CV-186-DCLC-DCP

TENN MOR PROPERTIES LLC, et al.,

    Defendants.

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants VRBO Holdings, Inc.[1] ("Vrbo") and HomeAway.com, Inc. hereby submit this Memorandum of Law in support of their contemporaneously filed Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and in support state:

## INTRODUCTION[2]

The proper defendant to be named in this case is HomeAway.com, Inc. ("HomeAway") as it is the entity that operates the website which contained the listing for the property at issue in this case. Vrbo is simply a holding company with no employees or business operations. This response is prepared as if HomeAway was the properly named defendant. HomeAway is a Delaware

---

[1] As initially raised in its Notice of Removal, Plaintiffs named VRBO Holdings, Inc., as a defendant in this matter. Undersigned counsel advised Plaintiffs' counsel that the proper defendant to be named is "HomeAway.com, Inc." but Plaintiffs have yet to amend their operative Complaint or Amended Complaint to correct the name of the proper defendant. Additionally, HomeAway.com, Inc. has not been served. However, HomeAway.com, Inc., the correct entity to be named, hereby joins in the filing of Motion as if it had been properly named as a defendant and the allegations of the Complaint and Amended Complaint were asserted against it to streamline the litigation and avoid delay. HomeAway is not waiving Plaintiffs' obligation to properly name and serve it if the case proceeds.

[2] All emphasis added and internal citations omitted unless otherwise indicated.

1

corporation with its principal place of business in Texas. HomeAway operates an international, online marketplace through which independent third-party property managers and/or property owners can list their properties for vacation rentals and connect with individuals looking to rent property. **HomeAway does not own, operate, maintain, manage, rent, offer for rent, or control any properties, nor is it a party to the rental transactions between renters (known as "Travelers") and any property managers and/or property owners (known as "Hosts" or "Members").**

Plaintiffs seek to hale HomeAway (a foreign corporation) into court in Tennessee to answer for allegedly failing to maintain a vacation rental property that HomeAway neither owned nor controlled solely due to HomeAway's operation of a globally accessible website that forms part of its online marketplace. Plaintiffs fail to (and cannot) sufficiently allege that HomeAway is subject to this Court's jurisdiction.

## FACTUAL BACKGROUND

### I. VRBO is Not the Proper Defendant

Vrbo is simply a holding company. (*See* attached as Ex. A, Dec. of C. Denton, hereinafter, "Denton Dec.," at ¶ 7). It is incorporated in Delaware and lists its principal place of business in Washington. (Denton Dec. at ¶ 6). To that end, Vrbo does not consider Tennessee its "home" state. (Denton Dec. at ¶ 7). Furthermore, Vrbo has no employees, maintains no business records, and has no business operations. (*Id.*). Vrbo does not own, manage, operate, or control Vrbo.com or any other websites relevant to the rental reservation at issue in the instant action. (Denton Dec. at ¶ 12). Instead, as discussed *supra*, HomeAway.com, Inc. owns and operates Vrbo.com, the website at issue in this case. (Denton Dec. at ¶ 11).

2

## II. HomeAway Is a Foreign Corporation That Does Not Rent, Offer for Rent, Operate, Manage, or Maintain Any Rental Properties in Tennessee or Elsewhere.

HomeAway, through Vrbo.com, provides an online marketplace where property managers/homeowners connect with third-party individuals interested in renting their properties on a short-term basis. (*See* Ex. B, Dec. of B. Miers ("Miers Dec.") ¶¶ 4, 6; Ex. C, Dec. of M. Henry ("Henry Dec.") ¶ 5; Ex. D, Dec. of D. Eagan ("Eagan Dec.") ¶ 4). HomeAway is a Delaware company with its principal place of business in Texas. (Miers Dec. ¶ 5). It is not incorporated in Tennessee and its principal place of business is not in Tennessee. (Am. Compl. ¶ 6; Miers Dec. ¶¶ 5, 20, 22). It does not consider Tennessee its "home" state, it does not hold any board meetings in Tennessee, and none of its board members or corporate officers reside in Tennessee. (Miers Dec. ¶¶ 21-22). HomeAway does not host any websites, including Vrbo.com, from Tennessee. (Miers Dec. ¶ 19). HomeAway does not have any physical offices, mailing addresses, phone numbers, or bank accounts, in Tennessee. (Miers Dec. ¶¶ 17-18). During all relevant times, HomeAway did not direct any marketing to, or otherwise target or directly solicit, Tennessee residents seeking vacation rentals more so or differently than any other state. (Eagan Dec. ¶¶ 5-6). HomeAway does not advertise specific properties, including but not limited to the property at issue in this case. (Eagan Dec. ¶ 7).

HomeAway does not own, possess, operate, maintain, manage, control, lease, offer to lease, rent, or place for rent any vacation rentals located in Tennessee. (Miers Dec. ¶¶ 18-19; Strite Dec. ¶ 4). HomeAway only operates websites where third parties either list their properties for rent or rent properties from other third-party homeowners/property managers. (Miers Dec. ¶¶ 5, 7; Strite Dec. ¶ 4; McKeon Dec. ¶ 4). HomeAway does not control, set the availability of, or provide physical access to any of the rental properties listed on the websites. (Miers Dec. ¶ 25) Members do not grant HomeAway temporary or permanent use or possession of properties and HomeAway

3

does not have the authority to grant possession or use of a property listed on its websites. (*Id.*). Instead, Members maintain exclusive control over their properties and are solely responsible for the care and maintenance of their properties. (*Id.*).

HomeAway does not have any interest in any properties listed on its websites, nor does HomeAway create the postings listing properties on its websites or review or verify individual booking information. (Miers Dec. ¶¶ 14, 23.) Rather, listings for properties and other user-contributed content that appear on HomeAway's websites are the result of third-party property owners and/or managers' independent choices to list those properties. (Miers Dec. ¶ 11). Once submitted by the Members, property listings are posted to HomeAway's websites without HomeAway first reviewing their content. (*Id.* at ¶ 14.) HomeAway does not generate rental agreements for property owners/managers; determine rental rates; screen potential renters; collect rent for properties listed; or check-in/check-out Travelers from properties. (Miers Dec. ¶ 24). In short, homeowners create the listings and enter into rental agreements directly with renters—HomeAway itself is not a party to these rental agreements. (Miers Dec. ¶¶ 8, 15.)

In fact, HomeAway's Terms explicitly advise users of its websites that HomeAway is not the owner of the listed properties, is not a party to the rental agreement, and most significantly here, is not responsible for the safety, condition, quality, or management of the properties:

> **1. The Site is a Venue and We are Not a Party to any Rental Agreement or other Transaction Between Users of the Site.**
>
> We urge all users to be responsible about their use of this Site and any transaction entered into as a result of either listing a property or renting a property. **We do not own or manage, nor can we contract for, any vacation rental property listed on a Site**. The Site provides an on-line marketplace to allow homeowners and property managers who advertise on the Site (each, a "member") to offer for rent in a variety of pricing formats, a specific vacation or short term rental property to potential renters or renters (each, a "traveler" and, collectively with a member, the "users"). "Members" may also include property owners or managers who originally advertised their properties on another website and their listings have been redistributed on the Site. We also may offer online

4

booking or other tools or services to allow users to communicate with each other and enter into rental agreements or other transactions.

**We are not a party to any rental or other agreement between users**. This is true even if the Site allows you to book a rental or provides other ancillary products or services, as the Site may facilitate booking a rental or other tools, services or products, but we are not a party to any rental or other agreement between users. **As a result, any part of an actual or potential transaction between a traveler and a member, including the quality, condition, safety or legality of the properties advertised, the truth or accuracy of the listings (including the content thereof or any review relating to any traveler or property), the ability of members to rent a vacation property or the ability of travelers to contract for properties are solely the responsibility of each user**. You acknowledge and agree that you may be required to enter into one or more separate agreements, waivers or terms and conditions before making a booking or purchasing a product or service and HomeAway or one of its affiliates may place additional restrictions on your booking, product or service.

(Miers Dec. Ex. 1 at § 1 (emphasis omitted)).

Travelers must agree to be bound by the Terms to book their reservation on a HomeAway site. (Miers Dec. ¶ 7; Henry Dec. ¶¶ 6-10). If Travelers do not agree to the Terms, they are not authorized to access or otherwise use HomeAway websites. (Miers Dec. ¶ 7). Members who list properties for rent on the HomeAway sites likewise agree to be bound by the Terms. (Miers Dec. ¶ 9; Ex. 1 § 22). The Terms contain explicit disclaimers in **bold-faced capitalized text** confirming, in pertinent part, that HomeAway has no control over and does not guarantee the safety of any transaction, rental property or the truth or accuracy of any listing or other content provided on the site and that no fiduciary, contractually implied, or other relationship exists between HomeAway and users other than pursuant to the Terms. (Miers Dec. ⁋ 23, Ex. 1 § 17).

### III. Plaintiffs' Unsupported Negligence Claim Against HomeAway

Plaintiffs assert a single claim against HomeAway relating to injuries they claim to have suffered on or about March 27, 2023. As an initial concern, Plaintiffs allege they were injured at a rental property in Tennessee, however they fail to specify *which* rental property. The Amended Complaint continually represents that Plaintiffs were injured at a cabin located at "3532 Carsons

5

Ridge Way, Sevierville, Tennessee 37852 *or* 4235 Round Top Way Sevierville, Tennessee 37862." (Dkt No. 1; *Cf.* Am. Compl. at ¶ 8 *with* Am. Compl. at ¶ 20.) Plaintiffs fail to specify which rental property the alleged incident occurred. Further still, Plaintiffs' Amended Complaint collectively refers to both properties in the singular as "the Cabin" despite the allegations clearly reflecting two separate properties located in two different zip codes.

Nonetheless, for the relevant time period, only one reservation was made on HomeAway's system and that is a reservation for the property located at 4325 Round Top Way Sevierville, Tennessee 37862. (Miers Dec. ¶¶ 16-17; Henry Dec. ¶ 12.) HomeAway does not have any booking information or evidence that Plaintiffs or their traveling companions utilized their website Vrbo.com to book the property listed in the Amened Complaint as 2532 Carsons Ridge Way, Sevierville, Tennessee. (Henry Dec. ¶ 12.) Based on the allegations in the Amended Complaint, HomeAway is unaware where Plaintiffs contend the incident actually occurred.

Per the Amended Complaint, Plaintiffs allege that defendant Josh's Cabins LLC ("Josh's Cabins") was the property management company for "the cabin," and that defendant Josh Posvancz was the manager of "the cabin." (Dkt No. 1; Am. Compl. ¶9.) The Amended Complaint goes on to state that defendants Adam Tripp and Tina K. Tripp (collectively the "Tripps") are the owners of 3532 Carsons Ridge Way, Sevierville, Tennessee, while defendant Tenn Mor Properties, LLC is the owner of the property located at 4235 Round Top Way, Sevierville, Tennessee 37862. (Dkt No. 1; Am. Compl. at ¶¶ 10-11.)

Nonetheless, Plaintiffs allege that while descending an interior staircase in one of "the cabins," Plaintiff Kathryn Webb encountered a 90-degree turn and "fell down the remainder of the steps, receiving serious injuries." (Dkt No. 1; Am. Compl. at ¶ 12.) Plaintiffs allege prior to Ms. Webb's fall that all defendants "knew or should have known that the staircase where Ms. Webb's

6

fall occurred was hazardous and unreasonably dangerous." (*Id.* at ¶ 17.) Based thereon, Plaintiffs filed this case alleging negligence against all Defendants (*Id*. ¶¶ 19-23.) Plaintiffs seek to hold HomeAway liable for injuries sustained at an apartment HomeAway neither owns nor controls.

## **ARGUMENT**

I. **THE COURT LACKS PERSONAL JURISDICTION OVER HOMEAWAY (and VRBO HOLDINGS).**

Plaintiffs bear the burden of establishing personal jurisdiction. *Intera Corp. v. Henderson*, 428 F.3d 605, 615. (6th Cir. 2005). Plaintiffs must establish, by a preponderance of the evidence, a prima facie case that the trial court may properly exercise personal jurisdiction over a defendant. *Neogen Corp. v. Neo Gen. Screenining, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). Personal jurisdiction must be "both (1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir. 1994). "In diversity cases, federal courts apply the law of the forum state to determine whether personal jurisdiction exists." *Nationwide Mut. Ins. Co. v. Tryg Int'l. Ins. Co.*, 91 F.3d 790, 793 (6th Cir.1996). When considering a Motion to Dismiss for Lack of Personal Jurisdiction the court is able to consider evidence in the form of affidavits or declarations. *Stanley v. Nissan North America, Inc.*, 2024 WL 814496, *19 (M.D. Tenn. 2024).

Two types of personal jurisdiction exist: general and specific. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir.2007). General jurisdiction depends on continuous and systematic contact with the forum state, so that the courts may exercise jurisdiction over any claims a plaintiff may bring against the defendant. *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 679 (6th Cir. 2012). Specific jurisdiction, on the other hand, grants jurisdiction only to the extent that a claim arises out of or relates to a defendant's contacts in the forum state. *Id.*

Here, Plaintiffs fail to show the existence of either variety. As such Plaintiffs' Amended

7

Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

### A. There is no basis for general jurisdiction over HomeAway (let alone Vrbo Holdings).

Plaintiffs do not (and cannot) allege any specific facts to establish that HomeAway's affiliations (let alone Vrbo Holdings' affiliations) with Tennessee are so constant and pervasive as to render it at home in Tennessee. For this Court to have general jurisdiction over a defendant, the defendant's affiliations with the State must be so "continuous and systematic" that he is "essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). There are two "paradigm" forums where a corporation is at home for purposes of general jurisdiction: its place of incorporation and its principal place of business. *BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). Otherwise, general jurisdiction is only appropriate in "exceptional cases" where the corporation's operations are "so substantial and of such a nature as to render the corporation at home in that State." *Id*.

Here, Plaintiffs' Amended Complaint makes no allegations regarding HomeAway or Vrbo's presence in Tennessee, let alone sufficient allegations to establish this Court's personal jurisdiction over these foreign entities. Rather, the Amended Complaint only alleges that Vrbo is "a Delaware Corporation" that can be served with process through its registered agent in Delaware. (Dkt No. 1; Am. Compl. ¶ 6.) Indeed, neither HomeAway nor Vrbo Holdings are Tennessee corporations, they do not have their principal places of business in Tennessee, and they do not consider Tennessee their "home" state. (Miers Dec. ¶¶ 5, 22; Denton Dec ¶¶ 6-7).

Further, Plaintiffs allege no facts that even remotely establish this is an "exceptional case" where HomeAway (or Vrbo Holdings) should be treated as being essentially "at home" in Tennessee. *See BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (noting that in "exceptional case" a foreign corporate defendant's operations may be so substantial and of such a nature as to

render it at home in that State). Accordingly, Plaintiffs cannot establish that this Court should exercise general jurisdiction over HomeAway or Vrbo because doing so would violate due process.

> **B.  Plaintiffs Failed to (and Cannot) Meet their Initial Burden to Allege a Prima Facie Basis for Specific Jurisdiction.**

To the extent Plaintiffs seek to establish this Court's specific jurisdiction over Vrbo or HomeAway, the Amended Complaint fails to do so. Plaintiffs do not include *any* specific facts to establish specific jurisdiction in this case over either entity.

Specific jurisdiction exists only when a claim "arises out of or relates to a defendant's contacts in the forum state." *Miller*, 694 F.3d at 678. The Sixth Circuit applies a three-part test to make this determination:

1) *First* the defendant must purposefully avail itself of the privilege of acting in the forum state or causing a consequence in the forum state.

2) *Second*, the cause of action must arise from the defendant's activities there.

3) *Third* the act of the defendant or the consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*See AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016).

Here, Plaintiffs' Amended Complaint presents threadbare and factually incorrect allegations as to HomeAway's (let alone Vrbo Holdings') connection to Tennessee. As will be demonstrated below, the Amended Complaint fails all three prongs of the *AlixPartners* test.

*1. HomeAway did not Purposefully Avail itself of the Privilege of Acting in or Causing a Consequence in Tennessee*

"The purposeful availment requirement is considered the most important requirement."

*Kent v. Hennelly*, 328 F. Supp.3d 791, 798 (E.D. Tenn. 2018). A defendant must have purposefully availed itself "of the privilege of acting in the forum state or causing consequence in the forum state." *Id.* Requiring that the defendant take purposeful steps in the forum state ensures that a defendant's "random, fortuitous, or attenuated" contacts with the forum state will not subject it to being haled into court there. *Id.* Further, the defendant's relationship with the forum state must "*arise out of the contacts* that the defendant itself created with the forum state." *Id.* (emphasis added) The unilateral activity of the plaintiff or a third party cannot be the basis of exercising personal jurisdiction over the defendant. *Id*.

Here, the Amended Complaint alleges no specific actions against HomeAway or Vrbo establishing that either purposefully availed itself of the privilege of acting in or causing a consequence in Tennessee. In fact, neither entity has any meaningful connection to Tennessee whatsoever.

HomeAway is a non-resident company, with no ties to Tennessee, that operates a globally accessible website. The website does not specifically target Tennessee resident Travelers more or differently than any other state. HomeAway conducts its business operations (*i.e*., operation of its websites) outside the state of Tennessee and does not host any websites or conduct any relevant business inside or outside of Tennessee. (Miers Dec. at ¶¶ 17-21). And, as stated *supra*, as a holding company, Vrbo has no business operations either inside or outside of Tennessee. (Denton Dec. at ¶ 7).

Further, neither Vrbo nor HomeAway own, possess, operate, maintain, operate, manage, lease, offer to lease, rent, offer for rent, place for rent, or control any vacation rentals located in Tennessee, much less either of the real properties identified in the Complaint that may be at issue here. (Miers Dec. at ¶¶ 15-17; Henry Dec. at ¶ 12.) The only tenuous connection Plaintiffs attempt

to make, between HomeAway and Tennessee is that the unidentified "cabin" where the injury allegedly occurred, is located in Tennessee (which could be one of two addresses in different zip codes) was rented "through VRBO." (Dkt No. 1; Am. Compl. at ¶ 7.) This is (a) and incorrect statement; and (b) not enough to meet the purposeful availment requirement.

HomeAway operates a globally accessible online worldwide marketplace that provides a platform where independent, third-party homeowners or managers can list properties for rent and individuals looking to rent properties can utilize the platform to connect directly with those homeowners or managers and directly enter into rental agreements with those owners. (Miers Dec. ¶ 4-6). The Sixth Circuit has concluded "that simply maintaining a website available to residents in the forum state is not purposeful availment." *See Capital Confirmation , Inc. v. Auditconfirmations*, LLC, 2009 WL 2823613 (M.D. Tenn. 2009). HomeAway is not a party to any rental agreements, including any relevant to this case. (*Id.* at ¶ 8). Simply stated, Plaintiffs do not (and cannot) provide a <u>single</u> allegation of any nexus between HomeAway's activities and the State of Tennessee; especially since Plaintiffs are themselves not residents of Tennessee – they are residents of Michigan. (Am. Compl. at ¶ 1). As such the first prong of the analysis fails, and Plaintiffs Amended Complaint should be dismissed as to HomeAway.

*2. Plaintiffs Injuries did not Arise from HomeAway's Activities in Tennessee*

The second prong of the test requires the Court to find that Plaintiffs' personal injury claims, "arise from" HomeAway's activities conducted within the State of Tennessee. The Sixth Circuit has observed that the arising from prong is "met when the operative facts arise from the *defendant's* contacts with the state." *Bird v. Parsons*, 289 F.3d 865, 875 (6th Cir. 2002). Here, as established *supra*, Plaintiffs' claims do not arise from any conduct *by HomeAway or Vrbo* with Tennessee. In fact, Plaintiffs make absolutely no allegations that in any way connect HomeAway

or Vrbo to Tennessee as it relates to Plaintiffs alleged injuries. As such, the exercise of specific personal jurisdiction would be inappropriate. *See Kent*, 328 F. Supp.3d at 799 (finding that where a plaintiff could not establish that a defendant engaged in any activities in Tennessee that related to the claims presented "an exercise of specific personal jurisdiction would be inappropriate) see also *Burger King Corp v. Rudzewicz*, 471 U.S. 462, 475, (emphasizing that personal jurisdiction must be based on "actions by the defendant himself that create a substantial connection with the forum").

Specifically, Plaintiffs allege no facts showing HomeAway or Vrbo committed any act in Tennessee— let alone an act giving rise to their cause of action. Plaintiffs do not (and cannot) allege HomeAway or Vrbo, or any of their representatives, was ever in (or on) either of the real properties identified in the Amended Complaint nor that they ever controlled either property (they cannot). Moreover, Plaintiffs do not (and cannot) allege that HomeAway or Vrbo ever exercised control over any of the other defendants in Tennessee (or elsewhere).

In other words, Plaintiffs' cause of action against HomeAway and/or Vrbo does not arise out of any of HomeAway's activities *within* Tennessee – much less Vrbo's. Plaintiffs do not allege that HomeAway specifically committed any act *in Tennessee* giving rise to their claim. Indeed, it is especially notable that Plaintiffs are themselves residents of Michigan suggesting even more distance between the facts giving rise to the claim at issue here and the State of Tennessee.

In fact, Plaintiffs concede that the other co-defendants are the exclusive owners and managers of the two properties they identified in the Amended Complaint. (Dkt No. 1; Am. Compl. at ¶¶ 9- 11.)

Indeed, the claims in the Amended Complaint arose from actions (or inactions) allegedly committed by: (1) the Tripps and/or Tenn Mor who owned the two properties where the accident

12

was alleged to occur, or (2) by Josh's Cabins and Posvancz who managed the two properties where the accident was alleged to occur. Plaintiffs do not – and cannot – allege that HomeAway or Vrbo, or any representative of HomeAway or Vrbo, was ever *in* (or on) the properties, nor do Plaintiffs allege that either HomeAway or Vrbo had any control over the properties or the other defendants in Tennessee (or elsewhere). Rather, as the evidence establishes, HomeAway only operates a website ***from its principal place of business, outside the State of Tennessee,*** where the other defendants (the independent third-party property owners and/or managers) decided to list one of the two alleged properties for rent. (Miers Dec. at ¶¶ 6, Henry Dec. at ¶ 6, 11, 23). Ultimately, this is insufficient to establish personal jurisdiction because Plaintiffs cannot show that their claims *arise out of* any business HomeAway (let alone Vrbo) conducted *within* the State of Tennessee. As such, the second prong of the test also fails and Plaintiffs' Amended Complaint must be dismissed against HomeAway.

### 3. The Exercise of Personal jurisdiction Against HomeAway Would not Comport with Traditional Notions of Fair Play and Substantial Justice

The third and final prong requires that the exercise of personal jurisdiction over HomeAway in Tennessee be reasonable. *Kent*, 328 F.Supp.3d at 799. In essence, this requires the Court to consider whether the exercise of personal jurisdiction over the defendant comports with "fair play and substantial justice." *International Shoe Co. v. State of Washington.*, 326 U.S. 310, 320 (1945). Relevant factors include the burden on the defendant, the interests of the forum, and the plaintiff's interest in obtaining relief. *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 113 (1987).

Even if Plaintiffs could establish purposeful availment or show that HomeAway or Vrbo is "at home" in Tennessee (they cannot), the exercise of personal jurisdiction over either entity would be unreasonable and offend traditional notions of fair play and substantial justice. Neither

13

entity has offices or employees in Tennessee. Hence, it would be unfair to require HomeAway (or Vrbo) to defend itself in a state hundreds of miles from where it is incorporated (Delaware) or where it maintains its principal place of business (Texas or Washington). (Miers Dec. ¶¶ 5, 17, 20, 22)

Additionally, and perhaps most importantly here, Tennessee has ***little interest*** in resolving this dispute ***as to HomeAway***. The only tenuous connection between Tennessee and HomeAway in this case is HomeAway's operation of a globally accessible website. Having an interactive website should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible. As the Court in *Capital Confirmation, Inc.*, found, maintaining a website available to residents in a forum state is not enough to subject a defendant to personal jurisdiction and it is not enough that some individuals could reach a website from a forum state. *Capital Confirmation, Inc.*, 2009 WL 2823613 at *6. There must be some evidence that a defendant directly targeted its website to the state, knowingly interacted with residents of the state via its website or through some other contacts. *Id.* Here, HomeAway's website does not target Tennessee resident Travelers more, or differently, than Travelers from any other state. *See Capital Confirmation, Inc.*, 2009 WL 283613*7(finding that directly targeting a website at a state is a factor that establishes purposeful availment); (Eagan Dec. ¶¶ 5-6).

In addition, Plaintiffs concede they are not Tennessee residents. (Dkt No. 1; Am. Compl. at ¶ 1.) Thus, while both of the properties identified in the Amended Complaint may be in Tennessee and Plaintiffs' alleged the injuries may have occurred there, these facts have no bearing on this Court's exercise of jurisdiction over HomeAway (let alone Vrbo). In these circumstances, traditional notions of fair play and substantial justice do not support exercising jurisdiction over HomeAway. Plaintiffs' Amended Complaint must be dismissed.

14

## CONCLUSION.

Defendants VRBO Holdings, Inc. and HomeAway.com, Inc. respectfully request this Court enter an order dismissing the Amended Complaint for lack of personal jurisdiction and for such other and further relief in Vrbo Holdings, Inc. and HomeAway.com, Inc.'s favor as this Court deems just and proper.

Respectfully submitted,

/s/ Matthew A. Grossman
Matthew A. Grossman (BPR No. 22107)
FRANTZ, MCCONNELL & SEYMOUR, LLP
550 W. MAIN STREET, SUITE 500
KNOXVILLE, TN 37902
EMAIL: MGROSSMAN@FMSLLP.COM
(865) 546-9321
ATTORNEY DEFENDANTS VRBO HOLDINGS, INC. AND HOMEAWAY.COM, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing document has been served this 23rd day of May, 2024, upon all counsel or parties as listed below at interest in this cause by delivering a true and exact copy to the offices of said counsel or parties or by placing a copy in the United States mail addressed to said counsel or parties at his/her office, with sufficient postage to carry it to its destination.

Mark Webb
2970 W Country Ln
Monroe, MI 48162
Courtesy Copy via e-mail:markwebb64@icloud.com

Kathryn Webb
2970 W Country Ln
Monroe, MI 48162

TENN MOR Properties LLC
438 Laurel Road
Townsend, TN 37882-3625

Adam Tripp
1693 Eastlake Drive
Screven, GA 31560

Tina K. Tripp
1693 Eastlake Drive
Screven, GA 31560

Ellis A. Sharp
Stokes, Williams, Sharp, Cope & Mann, P.C.
P. O. Box 2644
Knoxville  TN  37901-2644

Josh Posvancz
438 Laurel Road
Townsend, TN 37882-3625

Brother's Cove Owners Association, Inc.
520 Grace Avenue
Sevierville, TN 37862-3815

/s/ Matthew A. Grossman
Matthew A. Grossman
**FRANTZ, McCONNELL & SEYMOUR, LLP**

16